A. SHIEL et al., Appellants, v. WILLIAM H. WALKER, Respondent.

Kansas City Court of Appeals, November 6, 1905.

1. **BURIAL GROUNDS: Condemnation: Parties.** In a condemnation proceeding for appropriating lands for a cemetery, all parties having an interest in the lands sought to be taken should be made parties; otherwise, the proceeding should be dismissed.

2. ———: **Statute: Construction.** Where a landowner has platted his land and recorded it as the statute directs and sold lots for ten years, an action will not lie to condemn the same for burial grounds.

3. ———: ———: ———: **Police Power.** The State may make cemeteries the subject of the police power and condemn lands for burial purposes, but the statutes of this State are not intended to condemn an existing cemetery platted and used as directed by the statute.

Appeal from Nodaway Circuit Court.—*Hon. A. D. Burnes*, Special Judge.

AFFIRMED.

W. W. *Ramsay*, T. A. *Cummins* and *Ira K. Alderman* for appellant.

(1) The statute authorizes this proceeding. R. S. 1899, sec. 5217; Fore v. Hoke, 48 Mo. App. 254; Cemetery Assn. v. Danielson, 62 Conn. 319; 5 Am. and Eng. Ency. Law, 783, note 1; Acts 1901, sec. 5217a, p. 54; (2) The only essential parties to this proceeding are clearly defined by the statute, namely: the public and disagreeing adjoining land owner or owners, and in this cause, the public as represented by petitioners and the disagreeing adjoining land owner, the defendant, Wm. H. Walker, are the sole parties contemplated by the statute, or essential in this cause. See authorities cited under point one. (3) The cemetery in question, was and is a public burial ground or cemetery within the meaning of the statute (sections 5217 and 5217a supra) because dedicated to the public for such purpose and accepted by the public and so continuously used for more than ten years—an undeniable fact. 10 Am. and Eng. Ency. Law, 1085; Farneman v. Cemetery Assoc., 135 Ind. 296; Barret v. Kemp, 91 Iowa 296; Belch v. Essex County, 103 Mass. 106; Board of Health v. Van Hoesen, 87 Mich. 533; Fore v. Hoke, 48 Mo. App. 254; Campbell v. City of Kansas, 102 Mo. 326; Crowell v. Londonary, 63 N. H. 42; People v. Davren, 131 N. Y. 601, affirming 16 N. Y. Sup. Crt. 270; Cem. Assoc. v. Brandes, 14 Misc. Rep. (N. Y. Sup. Crt.) 270; Henry v. Shelby County, 48 Ohio St. 671. (4) The statute of limitations give petitioners standing in court. The public are entitled to acquire the title to the public burial grounds in controversy from the defendant owner of the fee by reason of adverse use for a period of time

equal to that prescribed by statute of limitation for bringing actions for ejectment. McLemore v. McNeeley, 56 Mo. App. 562; State v. Warner, 51 Mo. App. 171; Matthews v. Railroad, 26 Mo. App. 75; Brown v. Railroad, 20 Mo. App. 427; State v. Wells, 70 Mo. 635; State v. Walters, 69 Mo. 463; State v. Ramsay, 76 Mo. 398; State v. Kneeland, 90 Mo. 337; Zimmerman v. Snowden, 88 Mo. 21; Price v. Breckenridge, 92 Mo. 378.

*J. S. Shinabargar, L. C. Cook* and *George P. Wright* for respondent.

(1) Before lands can be taken under this statute they must have been used as a public burial ground for ten years. Sec. 5217a, Laws 1901, page 54. "Walker" cemetery is not and never was a public cemetery in the meaning of this statute. Persons or associations may set aside a portion of their lands for the sale of burial lots, without a thought of the same becoming public property. R. S. 1899, sec. 8963. Burial grounds which have been used for ten years and those created by dedication or platting under the statute are not the same. They are not the same kind of burial grounds and are so distinguished by statute. R. S. 1899, sec. 5215; Mills on Eminent Domain, sec. 19. (2) Appellants' testimony shows, the court found, and appellants' brief admits that a large number of parties are owners of lots in the "Walker" cemetery and that their title thereto, in the form of a general warranty deed from respondent, appeared of record prior to the commencement of this action. These owners should have been made parties. The condemnation of land under this section for burial purposes is governed by the same law of procedure as in the condemnation of land for telegraph and railroad purposes, and to this law we must look to determine who are necessary parties. R. S. 1899, sec. 1264. (3) Owner means one who has title. 17 Am. and Eng. Ency. of Law (1 Ed.), page 300, and note; Frank v. Arnold, 73

Ia. 370. The owner or proprietor of a property is the person in whom (with his assent) it is for the time being beneficially vested, and who has the occupation or control of it. 17 Am. and Eng. Ency. of Law (1 Ed.), page 301, and note. The word "owner" in statutes when used to describe those to whom compensation should be made, or who should be made parties to the proceedings for the condemnation of land for a public use, has been held in a general way to include all persons having an interest in the land taken. Lewis on Eminent Domain, sec. 335, citing Railroad v. Thompson, 16 Md. 76; Smith Co. v. Lebord, 37 Kan. 480; Gerard v. Railroad, 14 Neb. 270; Calcough v. Railroad, 2 Head (Tenn.) 172. "Owners" means all persons having estate in the land, in possession, reversion, or remainder. Watson v. Railroad, 47 N. Y. 157. In condemnation proceedings "The owner of the legal title is the party to be treated with." Mills on Eminent Domain, sec. 66.

ELLISON, J.—This is a proceeding begun under Revised Statutes 1899, section 5217, to condemn lands for the enlargement of a public burial ground. And, also, under section 5217a of Sessions Acts, 1901, p. 54, to condemn an existing burial ground. The trial court sustained a demurrer to the evidence offered in behalf of the petitioners and they appealed.

It appears that about thirty years ago defendant platted into burial lots about two acres of his farm. That the plat contained two hundred lots of sufficient size for eight graves or burials. That of these defendant has sold and deeded to various persons, up to the beginning of this proceeding, one hundred and thirty lots. That in 1903 defendant laid off an addition to said burial ground of two acres, containing one hundred and fifty lots, which are held for sale by him upon like terms as the original lots, though up to the beginning of this proceeding none had been sold.

These petitioners, to the number of five, as before stated, seek to condemn the original grounds as a public burial ground and to condemn the addition laid off thereto, as an extension of such original grounds. The following are the sections of the statute referred to above:

Section 5217, Revised Statutes 1899: "Whenever it shall become absolutely necessary to enlarge any public burial ground or cemetery, and when the public, to the number of five or more persons, interested in the enlargement of said burial grounds or cemetery, and the owner or owners of the adjoining land, cannot agree as to the price to be paid for the same, or for any other cause cannot secure a title thereto, the public, to the number of five or more persons, may proceed to condemn the same, in the same manner as provided by law for condemnation, appropriation and valuation, in cases of lands taken for telegraph and railroad purposes; and on such condemnation, and the payment of the appraisement as therein provided, the title of such land shall vest in the public for the purposes and uses only for which it was taken."

Section 5217a of Session Acts, 1901: "When lands shall have been continuously used as a public burial ground for a period of ten years or more and such land has not been deeded to the public for the purpose of a burial ground, a title may be obtained to such lands in the way and manner as is provided for the enlargement of burial grounds in chapter 86, section 5217 of the Revised Statutes of Missouri 1899."

It will be observed that it is one of the objects of petitioners to condemn the title to the entire original burial ground now owned by defendant and a large number of other persons, to whom he has sold the greater number of the lots. Notwithstanding that the title to a greater part of the property is in these various parties and their deeds are of record, yet none of them are made parties and it is sought to destroy their title by a pro-

ceeding in which their grantor only is a party. The trial court rightly held that this could not be done.

But there is another reason, also given by the trial court, why the proceeding cannot be maintained. The defendant, as the owner of the land upon which is the original burial ground and the new addition thereto, platted it and filed the plats with the county recorder as contemplated and directed by section 8963, Revised Statutes 1899. It was not the object of sections 5217 and 5217a, above set out, to allow five citizens to cause such grounds to be taken from the owners. If such proceedings could be tolerated, the title and management of the various cemeteries belonging to different organizations and societies, as well as incorporators, would be without security of title and liable at any time to be ousted from them. Those sections doubtless have reference to burial grounds found throughout the State, which have been set apart for such purpose, but have not been platted and kept under the ownership and supervision of the proper owner or owners—grounds, which the public used and yet no one in particular with any superior right therein, or interest in the management thereof. The provisions of the statute were intended to make certain the title to such property and to vest a right in the public to use them. And so the right was given to enlarge such grounds from the surrounding lands when it became absolutely necessary.

It is doubtless true that cemeteries are subject to the police power of the State and that they are not exempt from the power of eminent domain (Campbell v. Kansas City, 102 Mo. 326). It is furthermore true that the State may exercise the power of eminent domain in condemning land for burial purposes, as is stated in briefs of counsel. But the pertinent inquiry in this case is to ascertain what the State has intended by the enactment of the statutes, to which we have referred. We do not believe that it was intended to condemn an existing cemetery platted and used as the statute directs.

It was not intended to put it in the power of a few persons to have condemned for a cemetery a cemetery already in existence and owned and controlled as the law directs, and which in many instances has cost vast sums of money. The statute, as already stated, finds ample application to that large number of instances in the State where grounds have been permitted to be used for burial purposes but have not been platted and record-ed. It has doubtless frequently happened that a person owning the tract of land on which was a burying ground would sell it and the purchaser would conclude to stop such use; and so heirs coming into ownership of such lands may sometimes interfere. Under this statute, where such grounds had been so used for ten years, par-ties may proceed to have the title put regularly in the public.

The judgment should be affirmed. All concur.